IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENISHA BLACK**                                                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.:** 3:23-cv-426-DPJ-FKB

**MISSISSIPPI DEPARTMENT OF
REHABILITATION SERVICES; AND
CHRIS M. HOWARD, INDIVIDUALLY**                              **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Kenisha Black, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII of the Civil Rights Act of 1964 for race discrimination, retaliation and sex discrimination against Defendant Mississippi Department of Rehabilitation Services. Plaintiff also files this action to recover damages for the actions of the Defendant, Chris M. Howard, individually, which constitute the tort of tortious interference. Defendant Howard tortiously interfered with Plaintiff's employment relationship with Defendant Mississippi Department of Rehabilitation Services. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Kenisha Black, is an adult female who resides in Tippah County, Mississippi.

2. Defendant, Mississippi Department of Rehabilitation Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

3. Defendant, Chris M. Howard, individually, may be served with process at

1

his place of employment, Mississippi Department of Rehabilitation Services, 1281 Highway 51 North, Madison, Mississippi 39110.

## JURISDICTION AND VENUE

4. This Court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended.

5. This Court has subject matter and personal jurisdiction over the Defendants and venue is proper in this Court.

6. Plaintiff timely filed her Charge of Discrimination with the EEOC on August 3, 2022, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on April 19, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

7. Plaintiff is a 44-year-old black female resident of Tippah County, Mississippi.

8. Plaintiff was hired on April 15, 2004, as a Vocational Rehabilitation Counselor at the Mississippi Department of Rehabilitation Services (MDRS).

9. During July 2015, Plaintiff was promoted to the position of Manager.

10. Around December 2021, the Director of Client Services resigned.

11. In February 2022, Executive Director Chris Howard (white male) appointed Charles Fairley (black male) as the new Director of Client Services.

12. Plaintiff contends it was well known she was interested in the position, yet the position was not posted.

13. Moreover, Plaintiff contends Mr. Fairley has no direct work experience related to the position, and he has fewer qualifications and less education than Plaintiff does.

14. On August 3, 2022, Plaintiff filed an EEOC Charge against MDRS.

15. On January 6, 2023, in response to Plaintiff's Charge, MDRS submitted a Position Statement to the EEOC.

16. MDRS's Position Statement alleges that "The Director of Client Services for the Office of Vocational Rehabilitation is classified as a non-state service position. This exclusion of state service is based upon the following as stated by statute in Mississippi Code Annotated § 25-9-107(c)(xvi): The State Personnel Board shall exclude top-level positions if the incumbents determine and publicly advocate substantive program policy and report directly to the agency head…"

18. MDRS's Position Statement further alleges, "As Executive Director, Mr. Howard has the authority to appoint a candidate to a position that is classified as non-state service based on the exclusion listed above…"

19. Plaintiff contends however that according to Mississippi Code Title 37 – Education Chapter 33 – Civilian Vocational Rehabilitation – Vocational Rehabilitation Law 37-33-15 (Universal Citation) – Administration of Office of Vocational Rehabilitation; general powers and duties of Director; states the following: The Office of Vocational Rehabilitation established by Section 37-33-153 shall be administered by a director appointed by the executive director in conformity with policy adopted by the department. The Director of the Office of Vocational Rehabilitation shall devote his or

her full time to the administration of vocational rehabilitation. In carrying out his or her duties under the Vocational Rehabilitation Law, the director:

    (a) Shall, with approval of the executive director, make regulations governing the protection of records and confidential information, the manner and form of filing applications, eligibility, and investigations and determinations thereof for vocational rehabilitation services, procedures for fair hearings, and such regulations as are found necessary to carry out the purposes of that law.

    (b) Shall, with the approval of the executive director, establish appropriate subordinate administrative units within the office.

    (c) Shall, with the approval of the executive director, recommend for appointment such personnel as may be necessary for the efficient performance of the functions of the offices. (See Appendix F)

20. According to the structure of positions under the Office of Vocational Rehabilitation, the Director of Client Services position is a subordinate employee and serves under the leadership of the OVR Director.

21. The executive director does not have appointing authority under the state VR program according to the Mississippi Code Title 37 – Vocational Rehabilitation Law 37-33-15.

22. The executive director has appointing authority in the selection of the OVR Director.

23. According to the Vocational Rehabilitation Law, the OVR Director has

recommending authority followed by the Executive Director having approval authority to approve or disapprove the OVR Director's recommendation for the selection of position among his or her subordinate units, which includes the Director of Client Services position.

24. Plaintiff contends therefore that Mr. Howard did not have the authority to appoint Mr. Fairley to the position of Director of Client Services.

25. Plaintiff contends Mr. Howard was aware that Plaintiff was interested in the position, because of her previous EEOC Charge filed in 2019, when MDRS promoted a white female to the Director of Client Services position who was not qualified for the position.

26. More recently, Mr. Howard discriminated against Plaintiff by appointing a less qualified and less experienced male candidate, Mr. Fairley.

27. Plaintiff further contends that Mr. Howard appointed Mr. Fairly to the position in retaliation against Plaintiff because of her previously filed EEOC Charge.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

28. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 27 above as if fully incorporated herein.

29. Defendant has discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of Title VII.

30. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

31. The unlawful actions of Defendant complained of above were intentional

malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to damages pursuant to Title VII.

### COUNT II: VIOLATION OF TITLE VII – RETALIATION

32. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33. Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* by retaliating against Plaintiff for engaging in protected activity as described in more detail above. Plaintiff is entitled to protection against retaliation by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*.

34. The acts of the Defendant constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages pursuant to Title VII.

### COUNT III: VIOLATION OF TITLE VII – SEX DISCRIMINATION

35. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 34 above as if fully incorporated herein.

36. Defendant has discriminated against Plaintiff because of her sex based on the facts identified above and which constitutes a violation of the Title VII of the Civil Rights Act of 1964.

37. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

38. The acts of the Defendant constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages pursuant to Title VII.

## COUNT IV: TORTIOUS INTERFERENCE – DEFENDANT HOWARD, INDIVIDUALLY

39. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 38 above as if fully incorporated herein.

40. Defendant, Chris M. Howard, individually, tortiously interfered with Plaintiff's employment relationship with Defendant Mississippi Department of Rehabilitation Services and Plaintiff has suffered damages as a result of Defendant Mr. Howard's actions.

41. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for Defendant Chris M. Howard's actions in tortiously interfering with Plaintiff's employment relationship with the Mississippi Department of Rehabilitation Services.

42. In addition, Defendant Chris M. Howard's actions were carried out maliciously with the intent to cause Plaintiff injury.

43. As such, Plaintiff is entitled to an award of punitive damages against Defendant Chris M. Howard, individually, in an amount to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and promotion; or
2. Future wages in lieu of promotion; and
3. Compensatory damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 5th day of July 2023.

           Respectfully submitted,

           KENISHA BLACK, Plaintiff

       By: <u>/s/Louis H. Watson, Jr.</u>
           Louis H. Watson, Jr.  (MB# 9053)
           Nick Norris (MB# 101574)
           Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com