IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENISHA BLACK**                                                                                       **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 3:23-cv-426-DPJ-FKB**

**MISSISSIPPI DEPARTMENT OF
REHABILITATION SERVICES and
CHRIS M. HOWARD, INDIVIDUALLY**                                **DEFENDANTS**

---

### ANSWER AND DEFENSES OF DEFENDANTS

---

The Defendants, Mississippi Department of Rehabilitation ("MDRS") and Chris M. Howard, Individually ("Howard"), by and through counsel, hereby submit their Answer and Defenses, and respond to the allegations contained in the Complaint filed against it by the Plaintiff in the above styled lawsuit as follows:

With regard to the introductory paragraph of the Complaint, beginning with "COMES NOW", Defendants admit that the paragraph accurately describes the claims asserted in the Complaint, but specifically denies that Defendant engaged in any unlawful conduct under Title VII or state law.

### I.

### PARTIES

1. The allegations contained in Paragraph 1 of the Complaint are admitted.

2. The allegations contained in Paragraph 2 of the Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Complaint are admitted.

## II.

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

## III.

## STATEMENT OF FACTS

7. Upon information and belief, the allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. Denied as stated. Defendants admit that Plaintiff was promoted to the position referred to as "District Manager" and titled "Bureau Director" under State Personnel Board terms, and further admit that this promotion occurred in July 2015.

10. The allegations contained in Paragraph 10 of the Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are admitted.

12. Defendants admit that the position of Director of Client Services was not posted. All remaining allegations are denied.

12. Defendants admit that Mr. Fairley has less education than Plaintiff. All remaining allegations are denied.

13. The allegations contained in Paragraph 13 of the Complaint are admitted.

14. The allegations contained in Paragraph 1 of the Complaint are admitted.

15. The allegations contained in Paragraph 15 of the Complaint are admitted.

16. Defendants admit that MDRS's position statement is accurately stated.

17. [There is no Paragraph 17 in the Complaint.]

18. Defendants admit that MDRS's position statement is accurately stated.

19. Defendants admit that the statute cited in Paragraph 19 is an accurate reference to Miss. Code Ann. § 37-33-15, but denies all remaining allegations.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

28. Defendants re-allege ad incorporate all averments set forth in Paragraphs 1-27, above, as if full incorporated herein.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

### COUNT 2: VIOLATION OF TITLE VII – RETALIATION

32. Defendants re-allege ad incorporate all averments set forth in Paragraphs 1-32, above, as if full incorporated herein.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

### COUNT III: VIOLATION OF TITLE VII – SEX DISCRIMINATION

35. Defendants re-allege ad incorporate all averments set forth in Paragraphs 1-34, above, as if full incorporated herein.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

## COUNT IV: TORTIOUS INTERFERENCE – DEFENDANT HOWARD, INDIVIDUALLY

39. Defendants re-allege ad incorporate all averments set forth in Paragraphs 1-38, above, as if full incorporated herein.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43: Defendants deny the allegations in Paragraph 43.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph which begins "WHEREFORE PREMISIS CONSIDERED", Defendants deny that Plaintiff in entitled to any relief requested by Plaintiff against Defendants, specifically denying Plaintiff's entitlements outlined in subsections (1) – (8) of the paragraph. it in the amount demanded or relief of any kind or in any amount whatsoever.

AND NOW, RESPONDING AFFIRMATIVELY, Mississippi Department of Mental Health would show the Court the following:

## FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted under Fed. R. Civ. P. 12(b)(1).

## SECOND DEFENSE

Insofar as any state law claims are concerned, this Defendant invokes each and every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended for which a good faith legal and/or factual basis exists or may exist.

## THIRD DEFENSE

At all times complained of, Defendants acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and is not guilty of wrongful or tortious conduct.

## FOURTH DEFENSE

Plaintiff has failed to exhaust administrative remedies prior to bringing this action by failing to timely file a charge of discrimination against Defendant MDRS.

## FIFTH DEFENSE

Plaintiff is barred from raising any claim occurring more than 180 days prior to the filing of the EEOC charge in this case.

## SIXTH DEFENSE

To the extent that Plaintiff seeks to litigate issues outside the scope of her charge of discrimination, the Complaint fails to state a claim upon which relief can be granted due to the failure to exhaust administrative remedies.

## SEVENTH DEFENSE

All or a portion of Plaintiff's claims under Title VII fail because Plaintiff was not subject to any adverse employment action by Defendant MDRS.

## EIGHTH DEFENSE

Defendants are not guilty of any conduct, whether negligent or intentional, which would entitle Plaintiff to any recovery from Defendants whatsoever.

## NINTH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of this Defendant was not the proximate cause of her alleged damages.

## TENTH DEFENSE

Some or all of Plaintiff's claims in this action are barred by the after-acquired evidence doctrine.

## ELEVENTH DEFENSE

Defendants states that Plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the complained of harm.

## TWELFTH DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's relationship with Defendant MDRS are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. Any claim or action brought

regarding or in any way related to a work-related injury is subject to the exclusive remedy provisions of the Mississippi Workers' Compensation Act, Miss. Code Ann. §71-3-9.

## THIRTEENTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), this Defendant denies any and all allegations asserted by Plaintiff against it, as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

## FOURTEENTH DEFENSE

The doctrine of judicial estoppel bars Plaintiff's claims and request for monetary relief.

## FIFTEENTH DEFENSE

Defendant's policies strictly prohibit unlawful discrimination and retaliation, and it has maintained reasonable policies and procedures for the reporting and resolution of complaints alleging discrimination and retaliation.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because she unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## SEVENTEENTH DEFENSE

MDRS had a legitimate non-discriminatory reason for all the employment decisions and salaries which form the basis of this lawsuit, and those employment decisions and salaries were not based on race nor on retaliation.

### EIGHTEENTH DEFENSE

Plaintiff cannot prove that the legitimate non-discriminatory reasons MDRS had for its employment decisions and the salary rates in question are mere pretext for discrimination. No discrimination occurred here.

### NINETEENTH DEFENSE

Defendant's actions toward or its decisions regarding Plaintiff's employment with Defendant were taken or made in good faith, based on legitimate, non-discriminatory and nonretaliatory reasons, and taken in a fair and equitable manner so as to bar Plaintiff's claims.

### TWENTIETH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of Defendant was not the proximate cause of her alleged damages.

### TWENTY-FIRST DEFENSE

Defendant's actions would have been the same regardless of any alleged prohibited factor.

### TWENTY-SECOND DEFENSE

Plaintiff's claims and/or potential damages recoverable, if any, are subject to and limited by the statutory provisions of 42 U.S.C. §1981a.

### TWENTY-THIRD DEFENSE

The actions of Defendant were not subjectively or objectively offensive or unreasonable.

### TWENTY-FOURTH DEFENSE

Defendant did not violate Title VII or discriminate against the Plaintiff in any way.

**TWENTY-FIFTH DEFENSE**

The Plaintiff cannot show that she was clearly better qualified for the Director of Client Services position that Charles Fairley, Thus, cannot make out a prima facie case of discrimination under Title VII.

**TWENTY-SIXTH DEFENSE**

The Director of Client Services position is a Non-State Service position, and has been for many years prior to the employment decisions and actions at issue in this lawsuit. As such, the position does not have to be "posted" as alleged, nor advertised in any way. Rather, the position may be filled by appointment, as it was in this case. Again, MDRS had legitimate non-discriminatory reasons for appointing Mr. Fairley to the position rather than any Plaintiff herein, and those reasons had nothing to do with race, sex, or her prior EEOC Charge..

**TWENTY-SEVENTH DEFENSE**

Plaintiffs have failed to state a claim for which relief may be granted with regard to any conduct occurring prior to 2019, and all those claims based on conduct occurring prior to 2019 must be dismissed with prejudice.

**TWENTY-EIGHTH DEFENSE**

Plaintiff cannot establish a prima facie case of retaliation under Title VII because she cannot prove retaliation or a causal connection between any alleged retaliation and her alleged protected activity.

**TWENTY-NINTH DEFENSE**

Defendant reserves the right to amend this Answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure which may be determined applicable to this action through

subsequent discovery proceedings or further investigation of the claims and allegations asserted in the complaint.

    RESPECTFULLY SUBMITTED, this the 11th day of August, 2023.

**MISSISSIPPI DEPARTMENT OF REHABILITATION SERVICES, AND CHRIS M. HOWARD, INDIVUALLY**
*Defendants*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

*/s/ Bethany B. Johnson*
Special Assistant Attorney General
Mississippi Bar No. 10423
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4245
E-mail: Bethany.Johnson@ago.ms.gov

11

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused to be filed via the Court's ECF system a true and correct copy of the above and foregoing document, which sent notification to all counsel of record.

This, the 11th day of August, 2023.

> /s/ Bethany B. Johnson
> Special Assistant Attorney General
> Mississippi Bar No. 10423