UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENISHA BLACK                                                       PLAINTIFF

v.                                              CIVIL NO. 3:23-CV-426-DPJ-ASH

MISSISSIPPI DEPARTMENT OF
REHABILITATION SERVICES and
CHRIS M. HOWARD, Individually                          DEFENDANTS

ORDER

      Kenisha Black asks the Court to reconsider its Order [45] granting summary judgment. *See* Pl.'s Mot. [47]. The Court denies her motion.

I.       Background

      Black works for the Mississippi Department of Rehabilitation Services (MDRS). After its Executive Director, Chris Howard, chose to hire an African American male for a position Black wanted, she sued MDRS and Howard for sex discrimination and retaliation under Title VII. She primarily says Mississippi law required Howard to consider recommendations from one of his subordinates, the Director of the Office of Vocational Rehabilitation (OVR), before filling the disputed position (Director of Client Services). *See* Miss. Code Ann. § 37-33-15(c) (stating OVR Director "[s]hall, with the approval of the executive director, recommend for appointment such personnel as may be necessary for the efficient performance of the functions of the office").

      In granting summary judgment to Defendants, the Court rejected Black's statutory argument. First, the Court observed that section 37-33-15(c) "creates a duty for the OVR Director (not the Executive Director)." Order [45] at 12. Next, the Court cited Howard's testimony that he was unaware of subsection (c) and that Black offered no evidence to contradict his testimony. *Id*. at 12–13 & n.2. Then the Court noted that Howard had appointed three

persons in a row—including one woman—to the client-services position without ever receiving a recommendation from the OVR Director, who, despite subsection (c), repeatedly refused to give Howard recommendations. *Id*. at 13. So even if Howard had failed to follow correct policy, that didn't imply any intent to discriminate by sex. *Id*. at 13–14 (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007)).

Moving for reconsideration under Federal Rule of Civil Procedure 59(e), Black focuses on whether Howard lied when testifying that he discovered subsection (c) during litigation. Pl.'s Mem. [48] at 1. She says the Court improperly credited that testimony and thus weighed the evidence. Defendants disagree and further contend that the statute doesn't mean what Black says it does. Defs.' Mem. [51] at 3. After filing her motion for reconsideration, Black sought leave to file amended supporting memoranda to correct AI-generated errors in her briefs. *See* Pl.'s Mot. [54].

II.     Motion for Leave [54]

Plaintiff's counsel admits that her opening memorandum and reply brief both contained false AI-generated content. Pl.'s Mot. [54] at 1. She therefore offered corrected memoranda as substitutes, attaching them as exhibits to her motion [54-1, 54-2]. Those memoranda mostly deleted references to the apparent hallucinations and substituted them with authority she had previously cited.

Although Defendants had not yet responded to this motion, the Court docketed a text-only order suspending the briefing on it. Plaintiff's initial briefs supporting reconsideration violated Rule 11, so Black's counsel did the right thing by self-reporting.[1] Because Plaintiff's

---

[1] That said, the Court notes that Defendants signaled in their response to Plaintiff's original memorandum that she had cited incorrect authority. *See* Defs.' Mem. [51] at 4 n.1 (filed Feb. 2,

2

corrected briefs added no new basis for relief, the Court felt it was unnecessary to require additional briefing from Defendants. Plus, the Court did not want Defendants to incur any additional expenses. The Court denies the motion [54] as moot but notes that the corrected briefs remain in the record.

II.     Motion for Reconsideration [47]

   A.     Standard

Rule 59(e) allows a party to move to alter or amend a judgment within 28 days, which Black did. A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The motion must "clearly establish either a manifest error of law or fact" or else present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 632, 638 (5th Cir. 1990)).

Black isn't offering new evidence; instead, she argues the Court erred as a matter of law. Pl.'s Mem. [48] at 2. "Manifest error" means one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)) (reviewing evidentiary ruling).

   B.     Discussion

Black largely revisits her summary-judgment arguments about Howard's credibility or augments those arguments in ways she could have asserted before judgment. As Defendants

---

2025). Yet, Plaintiff did the same thing in reply and then waited seven months to file a motion to correct the briefing. *See* Sept. 3, 2025 Show-Cause Order [22], *Lewis v. Entergy Miss., LLC*, No. 3:25-CV-323-HTW-ASH (raising use of AI-generated case citations by Plaintiff's counsel).

correctly note, that is not enough to obtain relief. Defs.' Mem. [51] at 2–3 (citing *Templet*, *3*67 F.3d at 478–79). On this basis alone, the motion is denied.

In any event, Black's primary point is that the Court erred in finding that she failed to create a fact question whether Howard lied when he testified that he did not know section 37-33-15(c) required the OVR Director to make a recommendation on hiring decisions. In its summary-judgment order, the Court found that Black's arguments were speculative. Order [45] at 13. They thus fall short of cases like *Robinson v. Jackson State University*, 714 F. App'x 354, 360–61 (5th Cir. 2017).

Also, Black has not demonstrated that the Court's construction of the competing statutes is incorrect. Each credibility argument Black asserts turns on whether section 37-33-15(c) limited Howard's ability to make this appointment. Yet Black did not address the Court's conclusion that Howard was not restricted until she filed her reply brief. *See* Pl.'s Reply [52] at 2. District courts routinely "refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir.2008) (citation omitted). Moreover, Black offers no arguments that the Court could properly consider under Rule 59(e). The arguments in her reply were either asserted before judgment or could have been. *Templet*, *3*67 F.3d at 478–79.

And they do not demonstrate manifest error. Section 37-33-15(c) outlines the *OVR* Director's authority and requires that person to make a recommendation "with the approval of the executive director." Section 37-33-159 allows the Executive Director to fill this position without any stated limitations. Thus, the Court still reads section 37-33-159 to give the Executive Director the authority to fill this position, even if the OVR Director refuses to make a

4

recommendation.  Section 37-33-15(c) limits the OVR Director's discretion, not the Executive Director's.  There is no authority to the contrary.

Finally, Howard's uncontradicted testimony and Black's speculations about it were not the only reasons the Court rejected Black's argument.  The Court also concluded that even assuming the department failed to follow the proper procedure, "[a] defendant's failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other non-minority employees." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007) (quoting *Upshaw v. Dall. Heart Grp.*, 961 F. Supp. 997, 1002 (N.D. Tex. 1997)).  Here, the two previous appointments for this position were made without an OVR recommendation.  Once it benefited a woman, once a man.  Black has neither addressed this holding nor shown how the practice demonstrates discriminatory animus if it benefited a woman when used before.

To prevail at the pretext stage, Black must "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (quoting *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015)).  "Evidence is 'substantial' if it is 'of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996)).  Black offers no arguments that may be considered under Rule 59(e) that would satisfy this burden.

IV.     Conclusion

The Court has considered all arguments presented.  Any not specifically addressed here would not alter the outcome.  Black's motion [47] for reconsideration is denied.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2025.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE